UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VARINDER SINGH,<br>Petitioner,<br>v.<br>MARK BOWEN, et al.,<br>Respondents. | Case No. 5:26-cv-06788-SSC<br><br>MEMORANDUM AND ORDER |

Before the Court is a counseled petition for writ of habeas corpus brought by Petitioner Varinder Singh who challenges his immigration detention.

The petition alleges the following facts.[1] Petitioner is a citizen of India. (ECF 1 at 7.) On or about September 2016, Petitioner entered the United States without inspection. (*Id.*) Following his arrival, Petitioner applied for asylum and later received work authorization. (*Id.* at 8.) On October 15, 2026, the Department of Homeland Security served Petitioner with a Notice to Appear (NTA). (*Id.*) The NTA does not allege that Petitioner committed any criminal offense and charges him under section 212(a)(6)(A)(i) of the Immigration and Nationality

[1] Because Respondents have not provided information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

Act (INA). (ECF 1 at 8; ECF 1-2 at 2.) Petitioner has been in removal proceedings for approximately eight years and has consistently appeared for his immigration court hearings. (ECF 1 at 11.) He has not been convicted of any criminal offense and was not engaged in criminal conduct when ICE officers encountered him. (*Id.* at 9.) On November 7, 2026, Immigration and Customs Enforcement (ICE) officers approached Petitioner while he was walking on a public sidewalk near his apartment and questioned him about his immigration status. (*Id.*) The officers did not explain or justify their decision to stop and question Petitioner and Petitioner was not informed of any individualized finding that he presented a danger or a flight risk. (*Id.*) Petitioner was not provided with an individualized custody hearing. (*Id.* at 10.)

He brings five claims: (1) a procedural due process claim challenging his detention without notice of a pre-deprivation hearing; (2) a substantive due process claim alleging that his detention is arbitrary and excessive; (3) a claim under the INA alleging that his detention under § 1225(b) rather than § 1226(a) is unlawful; (4) a claim alleging a violation of the Administrative Procedure Act to the extent DHS's July 8, 2025 detention policy has been applied in his case; and (5) claims alleging warrantless arrest and unreasonable seizure in violation of 8 U.S.C. § 1357(a)(2) and the Fourth Amendment. (*Id.* at 25–34.) He seeks release or a bond hearing. (*Id.* at 34–36.)

Respondents have failed to oppose the petition or to appear in this matter at all despite notice and a briefing deadline that passed on

November 20, 2026.[2] (ECF 5.) Accordingly, the Court grants the petition.

[2] Respondents' counsel recently informed the Chief Judge of this district that due to the volume of immigration habeas petitions, if no Notice of Appearance is filed by counsel within four days, the Court can assume that counsel will not oppose and may proceed to rule on a petitioner's filings as if counsel had affirmatively stated that it will not file an opposition.

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the unopposed petition; (2) ordering Respondents to release Petitioner **Varinder Singh (A# 215-842-303)** from immigration custody immediately under conditions of supervision found to be appropriate by the decisionmaker.[3]

DATED: November 23, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[3] As for Petitioner's further requested relief, the Court declines to impose prospective injunctive relief. *See Alfaro Siguenza v. Hernandez,* No. C26-2670-SKV, 2026 WL 2587980, at *6 (W.D. Wash. Aug. 27, 2026) ("the Court does not find Petitioner has shown she faces a "cognizable danger of recurrent violation""). To recover prevailing-party fees under the Equal Access to Justice Act (EAJA), counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).